

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-84,647-03

### EX PARTE BRIAN KEITH GORHAM, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 2012CR10383-W2 IN THE 175TH DISTRICT COURT FROM BEXAR COUNTY

*Per curiam*. YEARY, J., not participating.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault and sentenced to life imprisonment. The Fourth Court of Appeals affirmed his conviction. *Gorham v. State*, No. 04-15-00305-CR (Tex. App.—San Antonio Jan. 27, 2015) (not designated for publication).

Applicant contends, among other things, that trial counsel (1) failed to object when the State elicited testimony from Applicant about his previous convictions for driving while intoxicated; (2) elicited inadmissible testimony from the State's expert on the truthfulness of an outcry; and (3)

"opened the door" to extraneous offense evidence during his cross-examination of Brandi Stockford. On August 23, 2017, we remanded this application and directed the trial court to order counsel to respond to these claims and elaborate on his trial strategy and reasoning. We also directed the trial court to make further findings of fact and conclusions of law on whether counsel was ineffective.

On remand, counsel stated, among other things, in a sworn affidavit that he could not respond to Applicant's claim that counsel elicited inadmissible testimony from the State's expert on the truthfulness of an outcry. Counsel said Applicant's claim was too vague. The trial court found counsel's affidavit credible and Applicant's statements false, concluded that counsel was not ineffective, and recommended that we deny relief. We find that Applicant's claim is not too vague.[1]

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond again to Applicant's claim that counsel elicited inadmissible testimony from the State's expert on the truthfulness of an outcry. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

---

[1] In his ninth ground, Applicant writes that "[d]uring cross examination of Alexandria Lom, [counsel] asked Lom if an outcry is made is it always absolutely the truth[.] She answered, Yes." And in his memorandum, Applicant quoted excerpts from the reporter's record and included citations to the record.

After reviewing counsel's response, the trial court shall make further findings of fact and conclusions of law as to (1) which statements from Applicant are false; (2) whether counsel was deficient for eliciting inadmissible testimony from the State's expert on the truthfulness of an outcry; and (3) whether Applicant was prejudiced by the totality of counsel's alleged deficient conduct. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: April 18, 2018
Do not publish